# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| Robin Blackwell<br>1986 Compton Rd.<br>Cincinnati, OH 45231<br><br>       Plaintiff,<br><br>v.<br><br>Paramount Recovery Services, Inc.<br>c/o Franklin Scott Caudill, Registered Agent<br>7861 Birchwood Ct.<br>Mason, OH 45040<br><br>       Defendant. | Case No. 1:08-cv-00287<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the time frame permitted under the FDCPA.

9. On August 30, 2007, Plaintiff filed a voluntary petition for bankruptcy.

10. The debt was included in Plaintiff's bankruptcy petition.

11. The debt was for a pay day loan.

12. In or around September 2007, Defendant communicated with Plaintiff at Plaintiff's place of employment.

13. During the communication referenced in Paragraph 12, Plaintiff notified Defendant that Plaintiff was not allowed to receive personal telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

14. During the communication referenced in Paragraph 12, Plaintiff notified Defendant that Plaintiff filed for bankruptcy and provided the law firm's contact information.

15. Despite the notices referenced in Paragraphs 13 and 14, after the communication referenced in Paragraph 12, Defendant telephone Plaintiff's place of employment on at least one other occasion.

16. During at least one of the communications referenced in Paragraph 15, Defendant left a message on the answering machine at Plaintiff's place of employment.

17. The message referenced in Paragraph 16 was overheard by at least one of Plaintiff's co-workers.

18. As a result of the message referenced in Paragraph 16, Plaintiff's co-worker(s) learned that Defendant was a debt collector.

19. As a result of the message referenced in Paragraph 16, Plaintiff's co-worker(s) learned that Plaintiff owed a debt.

20. Despite the notices referenced in Paragraphs 13 and 14, on or around October 29, 2007, Defendant communicated with Plaintiff at Plaintiff's place of employment.

21. During the communication referenced in Paragraph 20, Defendant told Plaintiff that, unless Plaintiff paid the debt, a sheriff would serve Plaintiff with a summons to appear in court.

22. During the communication referenced in Paragraph 20, Plaintiff again notified Defendant that Plaintiff filed for bankruptcy.

23. During the communication referenced in Paragraph 20, Defendant represented to Plaintiff that, in the State of Ohio, pay day loans could not be included in bankruptcy.

24. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

44. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _/s/ Richard J. Meier_
    Richard J. Meier
    Attorney for Plaintiff
    Sears Tower
    233 S. Wacker Drive
    Suite 5150
    Chicago, IL 60606
    Tel: 866.339.1156
    Fax: 312.822.1064
    Email: rjm@legalhelpers.com